WR-61,939-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 1/9/2015 3:41:06 PM
Accepted 1/9/2015 4:17:53 PM
ABEL ACOSTA
CLERK

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS
# IN AUSTIN, TEXAS

|  |  |  |
|---|---|---|
| **IN RE DAVID DOW AND JEFFREY R. NEWBERRY** | ) ) ) ) ) ) | **CAUSE NOS. WR-61,939-01 and WR-61,939-02** |

*granted*
*1-12-15*
*PC*

FILED IN
COURT OF CRIMINAL APPEALS

January 12, 2015

ABEL ACOSTA, CLERK

## MOTION FOR LEAVE TO FILE

David R. Dow
Texas Bar No. 06064900
University of Houston Law Center
100 Law Center
Houston, TX 77204-6060
Tel. (713) 743-2171
Fax (713) 743-2131
Email ddow@central.uh.edu

Jeffrey R. Newberry
Texas Bar No. 24060966
University of Houston Law Center
100 Law Center
Houston, TX 77204-6060
Tel. (713) 743-6843
Fax (713) 743-2131
Email jrnewber@central.uh.edu

## IN THE COURT OF CRIMINAL APPEALS OF TEXAS
## IN AUSTIN, TEXAS

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| **IN RE DAVID DOW AND** | ) | **CAUSE NOS. WR-61,939-01** |
| **JEFFREY R. NEWBERRY** | ) | **and WR-61,939-02** |
| | ) | |
| | ) | |

## MOTION FOR LEAVE TO FILE

**TO THE HONORABLE JUDGES OF THIS COURT:**

On November 19, 2014, the Court ordered counsel to appear before it on January 14, 2015 to offer further explanation and address any questions propounded by the Court regarding counsel's filings on behalf of Miguel Angel Paredes. Because it will assist counsel in explaining their involvement in Mr. Paredes's cases and, specifically, the timing of that involvement, counsel request leave to file the timeline of their involvement, attached as Exhibit A.

Respectfully submitted,

/s/ David R. Dow

David R. Dow
Texas Bar No. 06064900
University of Houston Law Center
100 Law Center
Houston, TX 77204-6060
Tel. (713) 743-2171
Fax (713) 743-2131
Email ddow@central.uh.edu

/s/ Jeffrey R. Newberry

Jeffrey R. Newberry
Texas Bar No. 24060966
University of Houston Law Center
100 Law Center
Houston, TX 77204-6060
Tel. (713) 743-6843
Fax (713) 743-2131
Email jrnewber@central.uh.edu

# Exhibit A

| | |
|---|---|
| Before 5/22/14 | Gross sends Paredes a letter informing him of the execution date and about clemency. We do not have and only know about it through the 5/22/14 letter from Paredes to Gross. |
| 5/22/14 | Paredes sends Gross a letter acknowledging receipt of his letter, informing Gross that he has a lot of p* to write clemency letters, complaining that Gross hasn't told him what (if anything) he plans to file, an that when he waived the *Wiggins* claim at the state habeas hearing he was suicidal and on medication. us his copy of this letter in the initial letter he wrote to us in June. |
| 6/9/14 | We receive a letter from Paredes dated 6/4/14. Paredes asks us to help or advise him on what is availab "last minute appeals/successive writ," indicates he doesn't believe Gross will file anything for him, an little about waiving the *Wiggins* claim and his mental state at that time. |
| 8/1/14 | We write a letter to Paredes apologizing for delay in replying and asking whether Paredes still wants a |
| 8/11/14 | We receive a letter from Paredes that confirms he wants to speak with someone. |
| 8/29/14 | We email Gross and explain Paredes has written us and wants us to look into whether we can do anyth We ask Gross for copies of state habeas application and federal petition. We digest state and federal p begin to assess what, if anything, can be done. |
| 9/2/14 | Visit Paredes at Polunsky. |
| 9/12/14 | Focus effort on Paredes's waiver of a single claim. |
| 9/19/14 | Extensive visit with Paredes to gather social history. |
| 9/23/14 – 9/30/14 | Request records (medical, educational, and correctional). |
| 10/3/14 – 10/4/14 | Witness interviews in San Antonio and efforts to locate additional witnesses. Obtain statements from s girlfriend (and mother of son), and two neighbors. |
| 10/10/14 – 10/11/14 | Additional interviews in San Antonio. Obtain one statement from a brother and communication from brother that he still fears gang retaliation if he provides testimony. |
| 10/13/14 | Research as to trial lawyer's obligation or options when witnesses are reluctant to testify due to fear of retaliation. |
| 10/17/14, 13:35 | AG informs us they will oppose Rule 60 relief request. |

| | |
|---|---|
| 10/17/14, 15:37 | Gross informs us he was considering filing a successor, and sends us declarations on which it was to b inform him we will file it. |
| 10/18/14, around 23:30 | File Rule 60 in district court. |
| 10/21/14, 10:50 | We email successor to people in San Antonio who will file hard copies for us (because e-filing is not a Bexar County for criminal cases). |
| 10/21/14, 12:29 | Motion for stay submitted to CCA. |
| 10/21/14, 12:37 | Dow 11-003 statement submitted to CCA. |
| 10/21/14, 13:46 | Successor is filed in Bexar County. |
| 10/21/14, 14:15 | Email sent to Sian, with attachments: successor, Dow 11-003 statement, and stay motion. |
| 10/21/14 – before 15:31 | Hard copies of successor delivered to CCA. |
| 10/21/14, 18:18 | Suggestion to reconsider submitted (without exhibits 2, 3, and 4 because e-file system can't handle suc document). |
| 10/21/14, 18:23 | Suggestion exhibits 2, 3, and 4 submitted. |
| 10/21/14, 18:28 | Stay motion submitted. |
| 10/21/14, 18:31 | Dow 11-003 statement submitted. |
| 10/21/14, 18:36 – 19:02 | Suggestion for sua sponte reconsideration emailed to Sian (takes a few attempts because her email acc handle the large file and it has to be split up). |
| 10/22/14, 8:32 | Sian acknowledges receiving emailed copy of suggestion. |
| 10/23/14, 9:15 | Sian emails us order letting us know we lost. |